Clovis Carl GREEN, Jr., Petitioner,

v.

Carl WHITE, Superintendent of Missouri Training Center for Men, et al.,[1] Respondents.

No. 76–1929.

United States Court of Appeals, Eighth Circuit.

Nov. 2, 1976.

Clovis Carl Green, Jr., pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondents.

Before LAY, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This is a civil rights action brought by Clovis Carl Green, Jr., against various Missouri state officials including the Superintendent of the Missouri Training Center and the Warden of the Missouri Penitentiary, where Green is presently confined. It contains 136 claims relating to: (1) grievances over the canteen policies in the Missouri State Penitentiary; (2) summary transfers of prisoners from the Missouri Training Center for Men to the Missouri State Penitentiary; (3) discrimination in granting merit time between institutions; (4) official interference with the Unique Jaycees; (5) allegations of assaults and beatings in reprisals for court actions (claims #6 and #12, ¶s 32–43, 113–133); (6) improper protection by the United States for prisoners at Missouri prisons; (7) unconstitutional laws, including Mo.R. Crim.P. 27.26 (post-conviction relief); (8) alleged denial of freedom of religion under the First Amendment (claim #10, ¶s 62–89); (9) unconstitutional disciplinary procedures; and (10) an incomplete law library to which prisoners are denied access. The district court, without an evidentiary hearing, dismissed petitioner's claims as frivolous.

We have studied the state's response and agree that, in most part, the claims petitioner recites are either moot, (petitioner no longer is confined at the Missouri Training Center), or conclusory in nature, and fail to state a claim for relief.

■ We do, however, grant a certificate to petitioner to appeal in forma pauperis as to the denial of an evidentiary hearing re-

---

1. The petitions for mandamus involving this case have been denied by separate order in *Green v. Wangelin,* Misc. Nos. 76–8156 and 8176.

lating to: (1) whether reprisals and assaults were taken against petitioner for pursuing his legal remedies; (2) whether petitioner has been physically abused in any way by state officials; and (3) whether petitioner is denied an opportunity to practice his religion.

In regard to the latter, petitioner's claim must be limited to his rights of freedom to worship and to receive religious materials. His petition grossly misapprehends his rights. He, of course, is not allowed, in the name of religion, special privileges not otherwise provided prisoners. *Cf. Anderson v. Wolff*, 468 F.2d 252 (8th Cir. 1972); *Sharp v. Sigler*, 408 F.2d 966 (8th Cir. 1969); and *Evans v. Ciccone*, 377 F.2d 4 (8th Cir. 1967).

We note that Green has appointed counsel. We suggest that counsel attempt to narrow the scope of his pleadings in accord with this opinion to the specific claims mentioned, and that the district court then grant petitioner an evidentiary hearing on those claims.

A certificate to appeal in forma pauperis is granted; the clerk shall docket the appeal, all claims are dismissed except those specifically mentioned above; the cause is remanded to the district court for further proceedings in accord with this opinion.

It is so ordered.

ROSS, Circuit Judge (dissenting).

I would deny permission to appeal in forma pauperis in this case.