**Clovis Carl GREEN, Jr., Appellant,**

v.

**Carl WHITE, Superintendent, Missouri Training Center for Men, Appellee.**

No. 78–1714.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 2, 1979.

Decided Jan. 8, 1979.

Rehearing and Rehearing En Banc Denied Jan. 22, 1979.

Clovis Carl Green, Jr., pro se.

John D. Ashcroft, Atty. Gen. and Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

On July 19, 1978, plaintiff brought suit under 42 U.S.C. § 1983, claiming he was unconstitutionally transferred from the Missouri Training Center for Men in Moberly to the Missouri State Penitentiary in Jefferson City because of his religious practices and beliefs and because he had earlier filed suit against Missouri prison authorities. Plaintiff sought $1,000,000 for viola-

tion of his constitutional rights and a declaration that the Human Awareness Universal Life Church is a legitimate religion that must be recognized by defendant, the Superintendent of the Moberly facility. On September 18, 1978, Judge Meredith, of the United States District Court of Missouri, granted defendant's motion for summary judgment and dismissed plaintiff's petition with prejudice.

In an accompanying memorandum, Judge Meredith explained that the record established that plaintiff was transferred from Moberly, a medium security prison, back to Jefferson City, a maximum security prison, only after he threatened to kill certain prison officials and after an administrative board hearing was held on the incident. [The chronological data sheet of the Missouri Division of Corrections shows: The threat was made April 14, 1976, when plaintiff stated, "Guess I will have to kill a few people when I get out of here"; plaintiff admitted making the statement when he appeared before the administrative hearing board on April 15, 1976, although he argued that he was only joking; and that in recommending plaintiff be transferred to Jefferson City for purposes of controlling plaintiff's behavior, the administrative hearing board stated in its report of April 15, 1976, that plaintiff posed a threat to the safety of the personnel at the Moberly institution and was an antisocial and devious criminal.]

The entire record and, in particular, plaintiff's chronological data sheet from the Missouri Division of Corrections containing the signed April 15, 1976, report of the administrative hearing board supports the district court.

Plaintiff claims on appeal the district court ignored his claim that defendant violated his freedom of religion. The complaint states that plaintiff was threatened with transfer from Moberly to Jefferson City if he did not stop his religious activities and that subsequently he was transferred. In holding that plaintiff was transferred after he had threatened on April 14, 1976, to kill certain prison officials and "in the best interests of the prisoner and of other prisoners and prison officials," the district court did rule by implication that plaintiff was not being transferred for his religious practices.

In conclusion, the records of the Missouri Division of Corrections show and the district court found plaintiff was transferred for the good of plaintiff, the other prisoners, and the prison staff because of plaintiff's antisocial behavior and not for his religious practices or litigious proclivities.

Affirmed.