605 F.2d 376
 Clovis Carl GREEN, Jr., on Behalf of Himself and All Other
Members of the Human Awareness Universal Life
Church Incarcerated at the Missouri
Training Center for Men at
Moberly, Missouri, Plaintiffs,
v.
Carl WHITE, Superintendent, Missouri Training Center for
Men, Moberly, Missouri, Defendant.
 No. 78-1891.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 2, 1979.
Decided July 13, 1979.
Rehearing and Rehearing En Banc Denied Sept. 19, 1979.
 
 Clovis Carl Green, Jr., pro se.
 John D. Ashcroft, Atty. Gen., and Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., filed brief for defendant.
 Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 Plaintiff Clovis Carl Green brought this action Pro se on behalf of himself and all other members of the Human Awareness Universal Life Church incarcerated at the Missouri Training Center for Men at Moberly, Missouri. The action was predicated on 42 U.S.C. § 1983 (1976) and alleged that defendant White, Superintendent at Moberly, denied plaintiffs their right to exercise their religious beliefs. The following specific violations were alleged: church members were denied permission to conduct worship services, Bible study classes, and other religious activities, and were denied the right to wear long hair and beards, to engage in conjugal visits, to hold banquets on religious holidays and to distribute the church newspaper, Truth, to inmates. Green also claimed that plaintiffs' rights were violated by the refusal of the defendant to appoint Green as a full-time paid chaplain. The District Court, on its own motion, dismissed the complaint as frivolous and denied Green's motion for leave to appeal in forma pauperis.
 
 
 2
 Thereafter, in an amended and unpublished order, this Court granted Green leave to appeal in forma pauperis with respect to three issues only: (1) the alleged denial of his right to participate in church worship services and Bible study classes; (2) the alleged denial of his right to wear long hair and a beard as an incident of the exercise of his religion; and (3) the alleged denial of his right to distribute the religious literature of his church. Accordingly, only these issues are presently before the Court.
 
 
 3
 Because the complaint was dismissed as frivolous, the District Court did not rule on the issue of certification as a class action. We note, however, that Green is not a member of the class he seeks to represent. In his complaint, Green requested certification of a class of "all church members now at the Moberly prison." Green is now and was at the time this action was filed incarcerated at Missouri State Penitentiary in Jefferson City, Missouri. He was confined at Moberly only briefly between March 9, 1976, and April 15, 1976. Green cannot, therefore, maintain this action as a class action on behalf of inmate church members presently confined at Moberly.
 
 
 4
 Defendant White asserts that Green's individual claims are barred by res judicata.[1] White contends that our decision in Green v. White, 589 F.2d 378 (8th Cir. 1979), precludes litigation of his present claims. In that case, the District Court entered a summary judgment ruling that Green's transfer back to Jefferson City in April, 1976, was clearly for reasons unrelated to his religious beliefs or practice. This Court affirmed. Green's present specific allegations were neither raised nor considered by either court in that case. Therefore, that decision does not preclude litigation of Green's present claims.
 
 
 5
 As noted in our prior order, similar claims of denial of religious freedom were also raised by Green in Green v. White, 545 F.2d 1099 (8th Cir. 1976). This Court remanded that case for an evidentiary hearing on Green's claims that defendant denied him his right to practice his religious beliefs. The case was, however, dismissed without prejudice after Green was denied leave to proceed in forma pauperis. It, therefore, does not bar Green's present claims.
 
 
 6
 The District Court properly ruled that certain of Green's claims were frivolous. However, the three claims on which Green was allowed to proceed on this appeal are not on their faces frivolous. It appears to the Court that Green has never had an opportunity to litigate these claims. We, therefore, remand to the District Court for an evidentiary hearing. The inquiry shall be strictly limited to whether defendant White, during the brief period in 1976 that Green was incarcerated at Moberly,[2] prevented Green personally from participating in church worship services and Bible study classes, from wearing long hair and a beard as an incident of the exercise of his religion, or from distributing the religious literature of his church and, if so, whether Green's civil rights were thereby violated.
 
 
 7
 Green has filed a motion requesting that this Court order the District Court to hold a jury trial in this case. Such a request should be directed to the District Court in the first instance. The motion is denied.
 
 
 8
 Affirmed in part, reversed in part, and remanded.
 
 On Petition for Rehearing
 
 9
 GIBSON, Chief Judge, dissenting.
 
 
 10
 This case inspires fearful anxiety over the ability of the federal courts to protect themselves from abuse by prisoner filings. Concern for the inordinate amount of judicial resources expended to cope with the deluge of prisoner filings in the federal courts has mounted in recent years. As stated by Mr. Justice Powell, concurring in the judgment in Rose v. Mitchell, --- U.S. ----, at ----, 99 S.Ct. 2993, at 3014, 61 L.Ed.2d 739 (1979): "It is common knowledge that prisoner actions occupy a disproportionate amount of the time and energies of the federal judiciary."The actions of Clovis Carl Green, Jr. epitomize the worst fears of prisoner abuse of the judicial system. Inmate Green has filed over 500 cases on his own behalf, and uncountable others under the names of other inmates. His history of engaging in gross abuse of judicial process is amply set forth in Judge Hunter's opinion in Green v. Camper, 477 F.Supp. 758 (W.D.Mo.1979). The case at bar presents a small illustration of Green's use of judicial process, and must be viewed in the context of his bad faith efforts to harass public officials and deluge the courts with frivolous or malicious proceedings.
 
 
 11
 Green has previously sued White in his capacity as superintendent of the Missouri Training Center for Men for allegedly violating Green's freedom of religion during his brief stay in the Moberly prison between March 9 and April 15, 1976. This litigation, which culminated in our decision reported at 589 F.2d 378 (8th Cir. 1979), should foreclose him, by virtue of the doctrine of res judicata, from now seeking relief. Furthermore, the propriety of remanding for an evidentiary hearing is questionable in view of Green's request for a jury trial. The scope and purpose of the hearing are unclear and it stands in an unusual procedural posture. Since no equitable relief is at stake in the proceeding, an evidentiary hearing on the ultimate issue in dispute may conflict with the right to a jury trial.
 
 
 12
 Green's frivolous and often scurrilous filings have consumed vast quantities of judicial resources, placing additional burdens on the public purse, and we should not provide him with an opportunity further to indulge himself in this fashion.
 
 
 13
 For these reasons I dissent from the denial of the petition for rehearing, with suggestion that the case be reheard en banc.
 
 
 
 [1]
 The District Court dismissed this action before the defendant had the opportunity to file any responsive pleadings. Under these circumstances, we deem it appropriate to consider this defense even though it was not raised in the District Court
 
 
 [2]
 The Court is cognizant that Green has in the past filed numerous suits alleging similar violations of his religious freedom by officials at the penitentiary in Jefferson City and that some such suits were dismissed with prejudice pursuant to a settlement agreement entered into on June 16, 1978, between Green and penitentiary officials. That agreement, and Green's allegations concerning violations of religious rights at Jefferson City, are the subject of continuing litigation in the United States District Court for the Western District of Missouri. We, therefore, reiterate that the present action concerns only alleged violations of Green's rights of religious freedom during his brief incarceration at Moberly