Clovis Carl GREEN, Jr., Appellant,

v.

DIRECTOR OF INSTITUTIONS, North Dakota State Prisons, et. al., Appellees.

Reverend Clovis Carl GREEN, Jr., Appellant,

v.

WARDEN, FEDERAL CORRECTIONAL INSTITUTION, Sandstone, Minnesota and Norman A. Carlson, Director, Federal Bureau of Prisons, Washington, D. C. and Commissioner, Minnesota Department of Corrections, Appellees.

Nos. 81–1518, 81–1757.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 30, 1981.

Decided Nov. 4, 1981.

Rehearing and Rehearing En Banc Denied Dec. 1, 1981.

Certiorari Denied Feb. 22, 1982. See 102 S.Ct. 1469.

Clovis Carl Green, Jr., pro se.

Warren R. Spannaus, Atty. Gen., State of Minn., Richard L. Varco, Jr., Sp. Asst. Atty. Gen. Saint Paul, Minn., for appellee Young.

Edwin F. Zuern, Sp. Asst. Atty. Gen., Bismarck, N. D., for appellees.

Before BRIGHT and ARNOLD, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

Consolidated for review are two appeals from dismissal by the District Courts of North Dakota and Minnesota of plaintiff's civil rights actions against prison officials in the respective states. The North Dakota action was dismissed for lack of jurisdiction and that in Minnesota for failure to comply with this Courts order contained in *Green v. White*, 616 F.2d 1054 (1980).

We are aware that this Court has previously held that some of the claims presented are, on their faces, not frivolous, *Green v. White*, 605 F.2d 376 (8th Cir. 1979), cert. denied, 444 U.S. 1083 and 1093, 100 S.Ct. 1038 and 1060, 62 L.Ed.2d 767 and 782, and remanded to the District Court, Eastern District of Missouri, for an evidentiary hearing. That action remains pending, *Green v. White*, 628 F.2d 1126 (8th Cir. 1980), and until that action is concluded our order in *Green v. White*, 616 F.2d 1054, controls.

The dismissals by the Courts below are affirmed.[1]

---

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. While the North Dakota action was dismissed for lack of jurisdiction, if the result below is correct it must be affirmed, although the lower court relied on a wrong ground or gave a wrong reason. *Panter v. Marshall Field & Co.*, 646 F.2d 271 (7th Cir. 1981); *Helvering v. Gowran*, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224 (1937).